**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ANDREA S. LOUIS | CIVIL ACTION NO. 18-0214 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HAMPTON INN BOSSIER CITY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Savoy Bossier City Hotels, LLC's (incorrectly identified in the complaint as "Hampton Inn Bossier City") (hereinafter "Defendant") Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 18. Plaintiff Andrea S. Louis ("Plaintiff") opposes the motion. See Record Document 22. Defendant seeks dismissal of Plaintiff's claims alleging age and race discrimination. For the reasons set forth below, Defendant's motion is hereby **GRANTED**.

**I.    BACKGROUND**

Plaintiff brings this *pro se* suit alleging claims for sexual harassment, retaliation, and age and race discrimination against Defendant. Prior to filing her Complaint (the "Complaint") on February 20, 2018, Plaintiff filed a "charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") on November 26, 2017 in which she checked the boxes on the charge form for "SEX," "RACE," and "RETALIATION" but did not check the box for "AGE." See Record Document 18-2 at 2; Record Document 18-1.[1] In addition, Plaintiff's written narrative contained in her charge form does not reference

---

[1] The Court notes that while its review of a Rule 12(b)(6) motion to dismiss is generally limited to the plaintiff's complaint, documents attached by a defendant are properly considered "if they are referred to in the plaintiff's complaint and are central to her claim," and "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis

any facts relating to the alleged race and age discrimination and only address her claims of sexual harassment and retaliation. See id.

Plaintiff has also filed several letters with the Court, all written by Plaintiff and filed subsequent to filing her Complaint, in which she provides additional information regarding her suit and includes a copy of the "notice of right to sue" (or "right-to-sue" letter) that she received from the EEOC, which is dated December 18, 2017. See Record Document 18-2 at 2–3. In one letter filed with the Court on May 31, 2018, Plaintiff states that she is asserting claims of "discrimination," "age/race discrimination," "sexual harassment," and "harassment." See Record Document 14 at 2. However, as with her narrative in her charge form, Plaintiff's actual Complaint only alleges facts regarding sexual harassment and retaliation and does not include any facts regarding age or race discrimination, nor does it include any references regarding her own age or race or that of anyone else. See Record Document 1. Because Defendant's motion only relates to Plaintiff's purported claims for age and race discrimination, such claims are the only claims at issue for purposes of the instant Memorandum Ruling.

## II. LAW AND ANALYSIS

### A. Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the

---

of the suit, and the court in making the elementary determination of whether a claim has been stated." Carter v. Target Corp., 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)) (citation omitted).

adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally may not "go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). However, a court may also rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B. Prerequisites to Filing Employment Discrimination Claims

In order to file a valid federal employment discrimination claim under both Title VII and the Age Discrimination in Employment Act ("ADEA"), a plaintiff must first exhaust its administrative remedies with the EEOC. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378–79 (5th Cir. 2002); Menson v. City of Baton Rouge, 539 F. App'x 433, 434 (5th Cir. 2013). Exhaustion occurs "when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor, 296 F.3d at 379 (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788–89 (5th Cir. 1996)). A plaintiff then has ninety days from the receipt of the statutory notice of right to sue in which to file suit against his or her employer. See 42 U.S.C. § 2000e–5(f)(1). This ninety-day filing period requirement is "strictly construed," even for *pro se* litigants. See Taylor, 296 F.3d at 379; see also Washington v. City of Gulfport, Miss., 351 F. App'x 916, 917–18 (5th Cir. 2009). Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the expiration of the ninety-day limitations period. See, e.g., Butler v. Orleans Parish School Bd., No. 00-0845, 2001 WL 1135616, at *2–3 (E.D. La. Sept. 25, 2001). Furthermore, "[a]lthough [the] filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." See, e.g., Taylor, 296 F.3d at 379 (citation omitted).

### C. Age Discrimination Claim

Although Plaintiff did not check the box for "AGE" on her EEOC charge or reference any acts of age discrimination by Defendant in her complaint, Plaintiff alleges an age discrimination claim in a letter she filed with the Court on May 31, 2018. See Record Document 14 at 2. Defendant maintains that Plaintiff's age discrimination claim should be

dismissed for her failure to exhaust administrative remedies and that Plaintiff's letter in which she alleges age discrimination is neither sufficient to cure such failure nor cure the untimeliness of her claim. See Record Document 18-2 at 4–5. Defendant also argues that even if the Court finds that Plaintiff is not procedurally barred from bringing her age discrimination claim, her claim should still be dismissed for failing to meet the "plausibility" standard under Iqbal and Twombly. Id. at 6.

In this case, Plaintiff's age discrimination claim fails for each of the foregoing reasons. First, Plaintiff failed to exhaust her administrative remedies regarding her age discrimination claim. Courts have held that a plaintiff is generally precluded from bringing claims outside the scope of the EEOC charge, and that a complaint is limited to the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 358 (5th Cir. 2013); see also Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). Here, Plaintiff not only failed to check the box for "AGE" on her charge form but also failed to make any factual allegations in the charge regarding age discrimination. An EEOC investigation into Plaintiff's allegations of sexual harassment and retaliation in her charge form would not reasonably lead the EEOC to then investigate a charge of age discrimination. See Spears v. Jefferson Parish School Bd., No. 13-6266, 2014 WL 2739407, at *11 (E.D. La. Jun. 17, 2014). Thus, Plaintiff's purported age discrimination claim must be dismissed for failure to exhaust administrative remedies.

Furthermore, even if Plaintiff had complied with the exhaustion requirements, her age discrimination claim would still fail for being untimely. Plaintiff only asserted claims

for sexual harassment and retaliation in her Complaint, which was timely filed within the ninety-day filing period that commenced upon Plaintiff's receipt of her right-to-sue letter. See Record Document 18-2 at 6. The Court declines to conclude whether Plaintiff's letter filed on May 31, 2018, in which she asserts her age discrimination claim for the first time, suffices to constitute an amended complaint because even if it was accepted as such, any attempt to amend the complaint would be futile[2] for two reasons. First, assuming Plaintiff could even bring assert her age discrimination claim by complying with the exhaustion requirements, it would still be time-barred because the letter was filed over two months after the ninety-day limitations period expired. See id. Second, the Court finds that even if the "relation back doctrine" under Rule 15(c) applied to cure the untimeliness of her claim,[3] the amendment would still be futile because the letter fails to allege sufficient facts to support a plausible claim of age discrimination, as further explained below.

Even assuming that Plaintiff had complied with these procedural requirements, her age discrimination would still fail under the Iqbal/Twombly plausibility standard. For age

---

[2] The Fifth Circuit holds that when futility is the basis for denial of leave to amend, the court uses the Rule 12(b)(6) plausibility standard to evaluate the sufficiency of the proposed amended complaint. See Adhikari v. Kellogg Brown & Root, Inc., 845 F.3d 184, 199–200 (5th Cir. 2017); see also Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002) ("A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations.").

[3] See F.R.C.P. 15(c)(1)(B) (stating that an amended complaint may relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"); see also Richardson v. Porter Hedges, LLC, 22 F. Supp. 3d 661, 667–69 (S.D. Texas 2014) (dismissing plaintiff's retaliation claim that was not raised in the original complaint as untimely, and further holding that the relation back doctrine was not applicable because the factual allegations in the new claim were dissimilar to those alleged by her original claims).

discrimination claims under the ADEA, courts (including the Fifth Circuit) generally apply the familiar McDonnell Douglas analysis. See, e.g., Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003). Under this three-step framework, the plaintiff must first establish a *prima facie* case of discrimination, after which the burden will shift to the employer who must show a legitimate, non-discriminatory reason for the adverse employment action; finally, the burden will shift back to the plaintiff to show that the employer's stated reason is simply a pretext for discrimination. See Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)); see also Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378–79 (5th Cir. 2010). In order to establish a *prima facie* case of age discrimination, a plaintiff must show that she: (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class (age 40 or older) when the adverse action occurred; and (4) was replaced by someone younger or outside the protected class, treated less favorably than a similarly situated younger employee, or otherwise discharged because of her age. See Smith, 351 F.3d at 196. Although the Fifth Circuit has held that a plaintiff is not required to establish a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss, see Raj. v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013), she must still "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." Chhim v. Univ. of Texas at Austin, 836 F.3d 467, 470 (5th Cir. 2016), cert. denied, 137 S. Ct. 1339 (2017).

      Here, Plaintiff not only fails to allege any acts of age discrimination by Defendant in her Complaint, but also fails to reference her own age or that of anyone else. See

Record Document 1 at 1–2. Because Plaintiff's Complaint only alleges facts that could support plausible claims of sexual harassment and retaliation, the complete absence of any allegations of discrimination based on age warrants the dismissal of Plaintiff's age discrimination claim.

### D. Race Discrimination Claim

Plaintiff also appears to maintain a race discrimination claim against Defendant. However, even though Plaintiff checked the box for "RACE" on her EEOC charge form (which she failed to do for her age discrimination claim), Plaintiff's race discrimination claim must nevertheless be dismissed for the other reasons that warrant the dismissal of her age discrimination claim. See supra Section II.C. First, as stated above regarding the untimeliness of Plaintiff's age discrimination claim, Plaintiff's race discrimination claim is likewise time-barred for the same reasons. In addition, for the same reasons stated above regarding the plausibility of Plaintiff's age discrimination claim, the absence of any factual allegations in Plaintiff's complaint regarding any alleged race discrimination by Defendant also warrants the dismissal of Plaintiff's race discrimination claim. Liles v. Burkes Outlet Stores, LLC, No. 14-3161, 2015 WL 1975844, at *4 (W.D. La. May 1, 2015) ("Even accepting [plaintiff's] factual allegations as true, nothing even remotely suggests that [defendant's] treatment and eventual dismissal of [plaintiff] was motivated by racial animosity.").

## III. CONCLUSION

Based on the foregoing reasons, Defendant's Partial Motion to Dismiss (Record Document 18) is **GRANTED** and Plaintiff's claims for age and race discrimination are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport Louisiana, on this 4th day of December, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT